UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES, CDCR #G-35669, <br><br> Plaintiff, <br><br> vs. <br><br> J. HILL, Warden; A. ANDRADE GARCIA, Correctional Officer; A. LEWIS, Captain, <br><br> Defendants. | Case No. 25-cv-3375-AJB-AHG <br><br> **ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** <br><br> **[Doc. No. 2]** |

Plaintiff Rayon Jones, proceeding without counsel while incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, has filed has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), together with a motion to proceed *in forma pauperis* ("IFP") (Doc. No. 2). Plaintiff, who identifies as transgender and uses feminine pronouns, claims correctional officials at Richard J. Donovan Correctional Facility ("RJD") placed her in danger on June 20, 2024, by revealing to other prisoners that she had been charged with indecent exposure ("IEX") pursuant to a CDCR 115 Rules Violation Report ("RVR"). (*See* Doc. No. 1 at 3.)

1

1  Plaintiff's litigation history precludes her from proceeding IFP pursuant to 28 U.S.C.
§ 1915(g), however, and the allegations in her complaint do not plausibly show imminent danger. Therefore, the Court denies Plaintiff leave to proceed IFP and dismisses her case for the reasons explained below.

## I.     IFP MOTION

### A.    Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants her leave to IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if [s]he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a

---

[1] The court charges an additional $55 administrative fee, but "[t]his fee does not apply to . . . persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023)); *see also* S.D. Cal. CivLR 4.5.a.

claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, Section 1915(g) precludes her ability to proceed IFP in any other civil actions or appeals in federal court unless she "makes a plausible allegation that [she] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B.    Discussion**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances. A review of dockets in all four California district courts clearly shows Plaintiff is no longer eligible to proceed IFP because while incarcerated, she has had more than three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

/ / /

/ / /

The following docket records reveal Plaintiff has eight qualifying strikes:

1. *Jones v. Swartz*, Case No. 2:14-CV-2877 WBS KJN, 2015 WL 1039301, at *4 (E.D. Cal. Mar. 10, 2015) (Order dismissing complaint pursuant to 28 U.S.C. § 1915A with leave to amend for failure to state a claim) (Doc. No. 15), *id.* (E.D. Cal. June 22, 2015) (Doc. No. 20) (Findings and Recommendations ["F&Rs"] re dismissal for failure to amend); *id.* (E.D. Cal. Aug. 13, 2015) (Doc. No. 21) (Order adopting F&Rs and dismissing action);[2]

2. *Jones v. Madden, et al.*, Case No. 3:22-CV-01681-MMA-LR (S.D. Cal. Nov. 10, 2022) (Doc. No. 6) (Order dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1));

3. *Jones v. Madden*, Case No. 2:22-CV-01592-EFB PC, 2023 WL 5055684, at *1 (E.D. Cal. Aug. 8, 2023) (Doc. No. 23) (Order and F&Rs to dismiss second amended complaint pursuant to 28 U.S.C. § 1915A for failing to state a claim without leave to amend), *report and recommendation adopted*, 2024 WL 363621 (E.D. Cal. Jan. 31, 2024) (Doc. No. 24);

4. *Jones v. Bonta*, Case No. 2:24-CV-3338 CSK P, 2024 WL 5008030, at *5 (E.D. Cal. Dec. 6, 2024) (Doc. No. 10) (Order dismissing complaint pursuant to 28 U.S.C. § 1915A with leave to amend for failure to state a claim); *id.* (E.D. Cal. April 21, 2025) (Doc. No. 13) (Order and F&Rs re dismissal for failure to amend); *id.* (E.D. Cal. June 6, 2025) (Doc. No. 14) (Order adopting F&Rs and dismissing action);

5. *Jones v. Armenta-Morales*, Case No. 3:24-CV-3902 CRB (N.D. Cal. Dec. 16, 2024) (Doc. No. 11) (Order dismissing complaint with leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)); *id.* (N.D. Cal. Jan. 28, 2025) (Doc. No. 13) (Order of dismissal for failure to amend);

6. *Jones v. Castaneda*, Case No. 3:24-CV-5076 CRB (N.D. Cal. Dec. 17, 2024) (Doc. No. 10) (Order dismissing complaint with leave to amend for

---

[2] *See Harris*, 863 F.3d at 1142 (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

failure to state a claim pursuant to 28 U.S.C. § 1915A(b)), *id.* (N.D. Cal. Jan. 28, 2025) (Doc. No. 12) (Order of dismissal for failure to amend);

7. *Jones v. Arce*, Case No. 3:24-CV-7346 CRB (N.D. Cal. Feb. 3, 2025) (Doc. No. 6) (Order of dismissal with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)); *id.* (N.D. Cal. March 18, 2025) (Doc. No. 8) (Order of dismissal for failure to amend); and

8. *Jones v. Ruiz*, Case No. 3:25-CV-5301-CRB ((N.D. Cal. Oct. 6, 2025) (Doc. No. 7) (Order of dismissal with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)); *id.*, (N.D. Cal. Nov. 13, 2025) (Doc. No. 10) (Order of dismissal for failure to amend).

Because Plaintiff accumulated these prior strike dismissals while incarcerated, she may not proceed IFP in this case unless she meets § 1915(g)'s "imminent danger" exception.[3] To do so, her pleadings must contain a "plausible allegation that [she] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

The complaint before the Court contains no plausible allegations of immediate or "ongoing danger" of serious physical injury. *Cervantes*, 493 F.3d at 1057. Instead,

---

[3] In fact, a Section 1915(g) bar has recently been noted for Plaintiff in the Eastern District of California. *See Jones v. Allen*, No. 1:25-CV-01088-SAB (PC), 2025 WL 2697469, at *1 (E.D. Cal. Sept. 3, 2025) (F&R to deny Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(g)), *report and recommendation adopted*, 2025 WL 2695580 (E.D. Cal. Sept. 22, 2025)); *see also Jones v. Cavello*, No. 2:25-CV-2314 AC P, 2025 WL 2410609, at *1–2 (E.D. Cal. Aug. 20, 2025) (F&R to deny Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(g)), *report and recommendation adopted*, 2025 WL 2710553 (E.D. Cal. Sept. 23, 2025).

Plaintiff, who has since been transferred to SVSP, claims RJD prison officials placed her in danger well more than a year ago while she was incarcerated there in June 2024. (*See* Doc. No. 1 at 1, 3.) She further seeks injunctive relief preventing SVSP staff, who are not named as Defendants, from transferring her from SVSP to six different CDCR facilities, a "Level IV 180 prison," or any "no[n] . . . transgender prison." (*Id.* at 7–9.) But § 1915(g)'s "imminence prong of the three-strikes exception" cannot be triggered by past injury or by speculative fear of future harm. *Cervantes*, 493 F.3d at 1053, 1057; *see also Hammler v. Godfry*, 2025 WL 2391075, at *3 (E.D. Cal. Aug. 18, 2025) (finding "possible future harm [due to prison transfer] insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)."); *Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted*, 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

For these reasons, the Court finds Plaintiff is not entitled to the privilege of proceeding IFP in this case. "A negative consequence that may impact a prisoner who files . . . frivolous complaint[s] is a restriction on [her] ability to file future cases without prepaying filing fees." *Harris*, 863 F.3d at 1139.

## II.    CONCLUSION

Accordingly, the Court: (1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and (4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  December 8, 2025

Hon. Anthony J. Battaglia
United States District Judge